# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT H. MILLER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0181 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER OF DISMISSAL

State inmate Robert H. Miller filed a *pro se* section 2254 habeas petition raising due process challenges to his prison disciplinary conviction. Petitioner reports that he was punished with cell restrictions, loss of commissary privileges, and loss of thirty days good time credit. Petitioner further reports that he is not eligible for mandatory supervised release.

Prisoners charged with institutional rule violations are entitled to federal due process only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007). Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good time credits that they have earned. *Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed for disciplinary

violations, Texas prison officials cannot forfeit good time credits from inmates who are eligible for mandatory supervision without first affording due process.

Petitioner, however, is not eligible for mandatory supervised release. Accordingly, his loss of good time credit as the result of the challenged disciplinary conviction implicates no protected liberty interest and, therefore, no valid due process claim in connection with that sanction. *See Malchi*, 211 F.3d at 957–58. Petitioner fails to raise a cognizable federal habeas claim under these circumstances, and is not entitled to habeas relief.

This case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on October 31, 2014.

		Gray H. Miller
		United States District Judge